414

PINAUD, Inc., v. POLY CHEMICAL LAB-
ORATORIES, Inc., et al.

No. 4845.

District Court, D. New Jersey.
Sept. 10, 1936.

Nichols & Snevily and R. S. Nichols,
all of New York City (H. R. Johns, of
New York City, of counsel), for plaintiff.

Israel B. Greene, of Newark, N. J.
(Blecheisen, Whelan & Rothstein, and Ja-
cob Blecheisen, all of New York City, of
counsel), for defendants.

FAKE, District Judge.

The issues here arise on a bill of com-
plaint which prays injunctive relief for al-
leged unfair competition. No question of
jurisdiction is raised, and at the close of
the hearing findings as to pertinent facts
were dictated into the record by the court.

The plaintiff manufactures and sells
two products with which the court is now
concerned; one, an "Eau de Quinine" hair
tonic, and the other a toilet water known
as "Lilas de France."

It appears that one Ed. Pinaud, of Par-
is, France, commenced the manufacture
and sale of the Eau de Quinine hair tonic
in France in the year 1858, and in the year
1865 it was introduced into the United
States and has continuously been marketed
here since that date in substantially the
same shape of bottle, the same odor and
color of liquid, and under the same label.
The plaintiff's predecessors in title were
the first to introduce an Eau de Quinine
hair tonic so colored, labeled, bottled, and
scented into this country, and large sums
of money have been expended in advertis-
ing it throughout the nation. This adver-
tising, coupled with the factors involved in
the appearance of the product as placed be-
fore the eye of the average purchaser, has,
in my opinion, given the product a peculiar
and distinctive position on the market. It
follows that any other liquid hair tonic
than Pinaud's so colored and so bottled
would mislead the average purchaser into
believing it was Pinaud's unless the label
on the bottle were so designed as to
amount to a glaring and radical departure
from that which plaintiff has for so many
years presented to the eyes of the people.

I cannot find, however, that the
plaintiff is entitled to relief against all who
sell an Eau de Quinine hair tonic colored
red. Nor can I find that the term, Eau de
Quinine, has taken on a secondary mean-
ing synonymous with Ed. Pinaud when the
product to which it is applied is colored
red. Plaintiff's right to relief depends up-
on a combination of factors in which color,
odor, bottle, and label play a part, and they
must be so combined by a competitor as
to mislead the average person before this
court will grant equitable relief. One of
the factors, standing alone, such as color
or odor, for instance, would not mislead

people. It is the misleading of those who may buy the product which concerns the court as a major factor in unfair competition cases.

■ The Pinaud hair tonic is not sold in bulk, and there is testimony here which convinces me that the defendants have manufactured and sold a hair tonic closely resembling Pinaud's with the intention and purpose of selling the same to the barber trade in bulk, and at the same time encouraging its use in refilling empty Pinaud bottles. Against such practice the plaintiff is entitled to relief, since it misleads and constitutes unfair competition.

■ As to the plaintiff's product known as "Lilas de France" or "Lilac Vegetal," the plaintiff or its predecessors in title first introduced the same in the United States in the year 1890, and since that time there have been no substantial changes in either the label, the bottle, or its contents. Large sums of money have been spent in advertising this product nationally, and it also, by reason of its distinctive elements as presented for sale, coupled with the effect of advertising, has found a place peculiar to itself in the trade, but it cannot be said that the exclusive position thus obtained is dependent on anything more than the label and the Pinaud name, since it appears that one Paul Westphal, a New York perfumer, produced and sold a lilac toilet water of the same color and very much of the same odor in the year 1881. It was sold in bottles like those of plaintiff and named "Lilac de Perse," and a substantial amount of business in this product was enjoyed by Westphal. It follows that plaintiff, not being the first user, has no exclusive right to the use of the bottle or the color or odor of the liquid either singly or in combination and is entitled only to protection against an unfair use of the label bearing upon its effect upon the eye of the average purchaser.

■ On motion for preliminary relief herein, it appeared conclusively that the defendants were engaged in a premeditated endeavor to steal the benefit of the plaintiff's good will. Defendants' hair tonic and toilet water each approached Chinese copies of those of plaintiff's, and the preliminary injunctions then granted will be made permanent.

A decree will be entered in favor of the plaintiff in conformity with the conclusions herein arrived at.